■ In the Matter of ALLAN CANTOR, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent.—Determination of the New York State Racing and Wagering Board dated December 31, 1978, denying petitioner's application for a 1978 license as an owner-trainer of harness horses, unanimously confirmed, without costs and without disbursements. While we find substantial evidence to support respondent's findings, in view of petitioner's extensive co-operation with law enforcement authorities, this confirmance is without prejudice to any future application by the petitioner. Petitioner should be given an opportunity for reconsideration. The recommendations of the prosecutor should not be taken lightly by the licensing authority. Both are law enforcement agents, having common public policy and interests to protect, and should not assume conflicting postures. (*Matter of Chaipis v State Liq. Auth.*, 44 NY2d 57; *People v Dolkart*, 60 AD2d 238.) Although the weight to be given evidence of rehabilitation is the responsibility of the licensing authority (see *Schultz v Waterfront Comm. of N. Y. Harbor*, 35 AD2d 373, 374-375), public policy suggests that the discretion vested in an administrative agency to grant a license be consonant with the policy of the State to assist in rehabilitation, and to avoid discrimination in employment against rehabilitated persons. (Cf. *Matter of Basselini v Water-*

*front Comm. of N. Y. Harbor,* 71 AD2d 596; *Matter of Maloney v Waterfront Comm. of N. Y. Harbor,* 96 Misc 2d 688; Correction Law, art 23-A.) Thus, the board should not base its action solely on the admitted criminal conduct of petitioner (cf. *Matter of Skyline Inn Corp. v New York State Liq. Auth.,* 44 NY2d 695, 696), who was an unindicted coconspirator testifying at a trial in which the 14 other coconspirator drivers were acquitted and are currently licensed by the board. Concur—Kupferman, J. P., Birns, Fein and Bloom, JJ.; Sandler, J., concurs in the result only.