■ In the Matter of BERTRAND BELANGER, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Essex County) to review a determination of the New York State Racing and Wagering Board which suspended petitioner's harness driver's license for 15 days. Suspension of petitioner's license was precipitated by his having driven his horse, Wily Light, with a lack of effort in the drive to the finish in the first race at Saratoga Raceway on July 20, 1982 in violation of 9 NYCRR 4117.4 (p) of the rules of the State Racing and Wagering Board. By that rule, driving with lack of effort is deemed to be a racing infraction. After the track judgments, experts in the field of harness racing, reviewed a video tape of the stretch run, petitioner was accorded a "judges" hearing following which he was charged with lack of effort and suspended. In the full evidentiary hearing held thereafter, testimony was received from the presiding track judge (the principal witness for the harness racing division), petitioner, the owners of Wily Light and other drivers of the horse, and the suspension was ratified. This proceeding ensued. There is evidence that at approximately 90 feet from the finish line, on a fast track, petitioner felt Wily Light was about to break gait (i.e., gallop instead of maintaining a pacing mode of running) and to ensure, among other things, not losing an almost certain second place and purse money for his employer, the owners, petitioner admittedly pulled back on the lines, thereby steadying the horse and keeping him on gait. Wily Light finished second, losing by a neck. According to the presiding track judge, in addition to pulling back on the lines, from the three-quarter pole on, petitioner used none of the visible indications of effort employed to urge a horse on; he did not use the lines to raise the horse's head, rock the sulky or whip the horse. Petitioner maintains that in his professional judgment, such efforts would

have caused the horse to break. He claims, but it was not otherwise substantiated, that he spurred the horse on by yelling. In reviewing this matter, our role is not to determine whether petitioner's position is supported by substantial evidence, but whether there is a lack of substantial evidence to support the board's decision. We are not at liberty to weigh the evidence or reject the choice made by the agency when the evidence is conflicting and room for choice exists (*Matter of Collins v Codd,* 38 NY2d 269, 271). Inasmuch as both horse and driver must put forth as close to 100% as possible, and in this closely contested race petitioner elected to assure a second place finish rather than to let the horse, which was gaining on the leader, continue pacing and perhaps win, the hearing officer was justified in concluding that petitioner was driving with lack of effort (see *Matter of London Sporting Club v Helfand,* 3 Misc 2d 431, 436, affd 6 AD2d 775). Inherent in this determination is the awareness that horse races must be flawlessly executed, that horse racing is primarily a spectator sport, and also a recognition that the viewing public, especially those betting, will simply be unable to appreciate the reasoning behind a driver's decision, particularly in a tight race, to pull up the reins just shortly before the finish line. In confirming the board's suspension of petitioner's license, we reiterate the opinion voiced by the presiding track judge, the hearing officer and all involved that petitioner's integrity as an honest driver is not impugned. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.