■ In the Matter of DANIEL N. MAXWELL, Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant. — Judgment unanimously reversed and petition dismissed without costs (see *Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, affd 59 NY2d 950). (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ. [109 Misc 2d 62.]

■ In the Matter of THOMAS J. SWIFT, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, DIVISION OF HARNESS RACING, Respondent. — Determination unanimously annulled and petition granted, with costs. Memorandum: Petitioner's license as a harness racing driver was revoked by the State Racing & Wagering Board on the grounds that he conspired with others to fix the outcome of the eighth race at Buffalo Raceway on January 5, 1982 and intentionally drove his horse in such a manner as to prevent it from finishing first, second or third. After reviewing the entire record we are of the opinion that substantial credible evidence does not exist to support this determination. ¶ The proof at the revocation hearing shows that petitioner's horse, which finished ninth in the race, started in the worst pole position and, at 51.90 to 1 odds, was the least favored horse in the 10-horse field. The horse had finished no better than fourth in its last five starts, and on November 20, 1981 qualified at a time of two minutes and 10.4 seconds, precisely the same time that it ran the January 5 race. The only damaging proof at the hearing came from a racing judge who, after reviewing the films of the race, testified that petitioner drove with "a lack of effort". Proof that petitioner drove with "a lack of effort" is not proof that he intentionally drove in such a manner as to prevent his horse from finishing first, second or third. "Driving * * * with lack of effort" is a discrete violation of the rules of harness racing for which petitioner was not charged (9 NYCRR 4117.4 [p]). Furthermore, testimony that petitioner overheard a conversation in the paddock area before the race that a couple of horses in the race "might be dead", i.e., not trying to win, does not establish his assent to, and his participation in, any illegal scheme. ¶ The evidence in this case at most raises the suspicion that petitioner was involved in the alleged plot. Substantial evidence "does not rise from bare surmise, conjecture, speculation or rumor". (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180.) "A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based." (*Matter of Stork Rest. v Boland,* 282 NY 256, 273-274.) (Article 78 proceeding transferred by order of Supreme Court, Erie County, Marshall, J.) Present — Dillon, P. J. Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of NORMAN L. MASTROMORO, Appellant-Respondent, v JOSEPH R. BURDICK et al., Respondents-Appellants, and FELICIA GRIFFIN et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: No certificate of nomination was required to be filed since the persons designated for the uncontested offices were deemed nominated (Election Law, § 6-160, subd 2). We do not reach the question of the validity of the designating petition of a person not an enrolled member of the political party designating him, since this issue was not raised below. (Appeals from order of Supreme Court, Herkimer County, Tenney, J. — Election Law.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ. (Order entered Feb. 27, 1984.)

■ In the Matter of ROY KING. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.