OPINION OF THE COURT
Harold Baer, Jr., J.
This is an application for relief, pursuant to CPLR article 78, seeking to annul the respondent New York State Racing and Wagering Board’s (the Board) decision denying petitioner Bonacorsa a harness-owner-trainer-driver license as being arbitrary and capricious. Petitioner also seeks an order requiring respondents to issue him a license. There must be a new hearing.
From approximately 1950 to 1973, petitioner was a licensee in good standing as an owner-trainer-driver with the New York State Harness Racing Commission, now the Board. Bonacorsa’s license was suspended in 1973 following his conviction for perjury and obstruction of justice in connection with the harness racing industry. Petitioner was sentenced by the Honorable Thomas C. Platt in the United States District Court for the Eastern District of New York to a fine of $2,000, four months in prison and three years’ probation.
Petitioner first sought the return of his license in 1977. It was denied on three grounds: (1) conviction of a crime involving moral turpitude; (2) perpetration of a fraud in connection with racing; and (3) a lack of requisite good character. In 1978 petitioner reapplied and his license was again denied, predicated on the third ground only. Following this second denial petitioner filed suit in the United States District Court for the Southern District of New York alleging a denial of due process and equal protection in violation of 42 USC § 1983. Petitioner claimed that the Board’s action was tantamount to a lifetime ban. The suit was dismissed, the court finding that petitioner’s claim had no basis in fact since petitioner could reapply and receive a license when and if the Board felt that he was rehabilitated.
On December 8, petitioner received a letter from the Chief United States Probation Officer in the District where he had been convicted and his probation monitored, which approximated a certificate of relief from civil disabilities, a creature of New York State law, more particularly Correction Law § 753 (2). When provided to an ex-felon such a document gives rise to a rebuttable presumption of rehabilitation. The letter *583 read in pertinent part: "It is my opinion that Mr. Bonacorsa will not betray the confidence that New York State Racing and Wagering Board would place in him if they allow him to be licensed again.” In 1983, petitioner reapplied for a license and again the Board denied the application. Petitioner then instituted an article 78 proceeding. This court per the Honorable Richard W. Wallach dismissed that petition holding that the Board had not been arbitrary or capricious and noted that the letter from the Chief Probation Officer relied on by petitioner would not qualify as a certificate of relief from civil disabilities under New York law and therefore failed to serve the purpose for which it had been sought and provided.
Petitioner again applied for a license in 1984 and once again it was denied. On February 21, 1985, petitioner received from the Board of Parole of the State of New York a certificate of good conduct in accordance with Correction Law § 703-a. This statute defines the certificate as follows: "[it] may be granted * * * to relieve an individual of any disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction of [a] crime”. Petitioner then applied once more and offered for consideration his certificate of good conduct. Again, his application for a license was denied and denial was affirmed following a hearing. The Board’s findings and order on this matter acknowledged the certificate of good conduct but neither noted nor introduced any evidence sufficient to overcome the rebuttable statutory presumption of rehabilitation created by the certificate. It should be noted that petitioner has applied annually since 1977 in an effort to obtain a license and not a scintilla of evidence was offered by the Board to show any unlawful conduct whatsoever. Following this denial, petitioner then filed the instant petition.
Executive Law § 296 (15) codifies the policy of this State with respect to the disqualification of ex-offender and reads in part: "It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to deny any license or employment to any individual by reason of his having been convicted of one or more criminal offenses”. That policy as pointed out by the Board includes an exception where there was as here a direct relationship between the criminal offense and the specific license being sought. (See, Correction Law § 752 [1].) Correction Law § 703-a, however, provides for the issuance of a certificate of good conduct and *584 section 753 lists several factors to be considered concerning a previous conviction. Among these factors is the following: "In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency * * * shall also give consideration to * * * a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein. ” (Emphasis added.)
The respondent time and time again rests its refusal on this "connection” exception and concludes it is sufficient to warrant a denial of petitioner’s application regardless of the certificate of good conduct citing Correction Law § 703-a (3). In short, I find that respondents have given little, if any, consideration to the presumption of rehabilitation provided by section 753 (2) of the statute and that this as with every statute must be construed as a whole. (People v Mobil Oil Corp., 48 NY2d 192 [1979].) Only when all sections of the law are read together will a fair meaning of the law and the policy of the State emerge. To accept the respondent’s interpretation of the statute would render section 753 (2) meaningless. While the consideration of the weight to be given to evidence of rehabilitation in determining eligibility for a license is the ultimate responsibility of the licensing authority, it may not be overlooked altogether as was the case here. That responsibility demands attention to the policy of this State, i.e., not to debilitate but rather to encourage the rehabilitation of ex-offenders. Unemployment is the greatest deterrence to rehabilitation. Statistics indicate that many ex-offenders return to lives of crime because other employment, including that of their choice, is unavailable. (Memorandum in Support [from Bill Jacket, Senate Bill No. 4222-C, 1976 amend to Correction Law and Executive Law].) The purpose of Correction Law article 23 is to prevent unfair discrimination against former criminal offenders in regard to licensure and employment. One way to discourage the policy is to deny a license while paying no attention to the policy, especially when, as here, the license seemingly provides a gateway to the single occupation known to the ex-offender. (Matter of Marra v City of White Plains, 96 AD2d 17 [2d Dept 1983].) Consideration of an applicant’s prior conviction is subject to and must be scrutinized in tandem with the statutory presumption of rehabilitation illustrated by the certificate of good conduct. Once presented, the burden shifts to the licensing authority to come forward with evidence to rebut the certificate (supra); here *585 respondent has failed utterly to present any evidence to meet this burden or even address the issue. Upon argument, this court offered to find the time (not an empty gesture in these days of IAS) to hold a hearing on this issue; respondent rejected the offer, believing, I presume, that it was unnecessary. Under the circumstances, I find that the Board’s determination is arbitrary and capricious and "is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one’s sense of fairness”. (Matter of Pell v Board of Educ., 34 NY2d 222, 233 [1974].)
Respondent has requested that the court enter an order transferring this action to the Appellate Division pursuant to CPLR 7804 (g) since, they argue, it raises issues under CPLR 7803 (4). Petitioner has challenged respondent’s denial as being arbitrary and capricious pursuant to CPLR 7803 (3); and not 7803 (4). This action should, therefore, remain in this court.
Therefore, the application is granted to the extent that the Board’s determination is annulled and the case is remitted to the Board for a new determination based on new findings of fact not inconsistent with the above.