■ In the Matter of ROBERT WARNER, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, DIVISION OF HARNESS RACING, Respondent.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Although we find substantial evidence to support respondent's determination, our decision is without prejudice to any future application by petitioner. On a previous appeal we found substantial evidence to support a determination that petitioner acquiesced in a race-fixing scheme by intentionally driving his horse, White Spirit, in such a manner as to prevent it from finishing first, second or third. Although this

was serious misconduct which violates a Board rule (9 NYCRR 4117.4 [n]) and justifies the determination herein (Racing, Pari-Mutuel Wagering and Breeding Law § 309 [1]), there was no evidence that petitioner benefited financially from the scheme in which he was a relatively minor character *(see, Gleason v New York State Racing & Wagering Bd.,* 98 AD2d 964; *see also, Matter of Swift v New York State Racing & Wagering Bd.,* 100 AD2d 746). In our view, petitioner should be given an opportunity for reconsideration. It appears from the material submitted by petitioner that he has demonstrated a life-long interest in horses and farming, and his livelihood is threatened by respondent's refusal to license him. "[P]ublic policy suggests that the discretion vested in an administrative agency to grant a license be consonant with the policy of the State to assist in rehabilitation, and to avoid discrimination in employment against rehabilitated persons" *(Matter of Cantor v New York State Racing & Wagering Bd.,* 73 AD2d 544). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Wolf, J.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.