■ JOSEPH K. BONACORSA, Respondent, v JOHN VAN LINDT, as Chairman of the New York State Racing and Wagering Board, et al., Appellants.—Judgment of the Supreme Court,

New York County (Harold Baer, Jr., J.), entered July 16, 1986, which, *inter alia,* granted petitioner Bonacorsa's application to annul the determination of respondent New York State Racing and Wagering Board, dated October 11, 1985, denying petitioner's application for a harness owner-trainer-driver license, reversed, on the law, without costs, and the petition dismissed.

In 1974, petitioner was found guilty in the Federal court of falsely testifying before the Grand Jury that certain horses were owned by his wife. In fact, they were owned by one Forrest Gerry, Jr., who had been barred from participating in harness racing and who allegedly had been the leader of a conspiracy to fix races at harness racing tracks. Petitioner was also convicted of soliciting one Steve Rubin to testify falsely before the Grand Jury that he (Mr. Rubin) had sold a horse to petitioner's wife when the sale had actually been made to Gerry. These convictions were affirmed by the United States Court of Appeals for the Second Circuit.

After petitioner's period of incarceration and probation ended in 1977, he applied for the return of his license, which had been revoked. This application was denied. Petitioner reapplied in 1978 and again was turned down by respondent. He brought an action in the Federal court following this second denial, which was dismissed. In 1983 and 1984, petitioner's applications were again denied and a CPLR article 78 proceeding he brought in the Supreme Court was dismissed.

In 1985, petitioner received from the Board of Parole of the State of New York a certificate of good conduct, pursuant to Correction Law § 703-a. He applied once more for the owner-trainer-driver license. At a hearing on June 6, 1985, petitioner testified and submitted the certificate of good conduct, in support of the application. The Assistant Director of Investigations and Audits for the Racing and Wagering Board testified as to the reasons supporting the Board's refusal to grant the license. The Board introduced records including details of petitioner's indictment and conviction. After the Hearing Officer recommended confirmation of the notice of refusal given petitioner, the respondent Board issued its determination on October 11, 1985, confirming its refusal to grant petitioner a license, finding that his experience, character and general fitness would render his participation in harness racing inconsistent with the public interest and with the best interests of racing.

Petitioner brought this article 78 proceeding. The Supreme Court denied the Board's request for a transfer to this court

pursuant to CPLR 7804 (g). It held that the Board's refusal to issue a license was arbitrary and capricious since the Board failed to offer any evidence, in support of its refusal, to rebut the statutory presumption of rehabilitation created by the certificate of good conduct. This refusal was found to be inconsistent with the public policy of the State to encourage the rehabilitation of ex-offenders. We disagree with this holding and analysis.

Section 309 of the Racing, Pari-Mutuel Wagering and Breeding Law empowers the respondent Board to suspend, revoke or refuse to issue a license if the applicant has, *inter alia,* been convicted of a crime involving moral turpitude or been found guilty of any fraud in connection with racing or breeding or if the experience, character or general fitness of the applicant is such that his/her participation in harness racing would be inconsistent with the public interest, convenience or with the best interests of racing generally. Horse racing, since it is the only sport in New York in which betting is legal, is fraught with the potential for abuse. The respondent agency is entrusted with guarding the substantial and important interest of the State in assuring the integrity of racing carried on under its auspices *(see, Barry v Barchi,* 443 US 55, 64).

Since petitioner was convicted of serious crimes directly impugning the integrity of racing, the respondent was not arbitrary or capricious in considering these convictions and refusing him a license.

The reliance by the Supreme Court on the certificate of good conduct issued to the petitioner pursuant to article 23 of the Correction Law, in annulling the Board's determination, was erroneous. Thus, section 753 (2) of the Correction Law emphasized by the nisi prius court, not only provides that a certificate of good conduct "shall create a presumption of rehabilitation in regard to the offense or offenses specified therein", but it also notes that such presumption is to be used "[i]n making a determination pursuant to section seven hundred fifty-two".

Section 752 (1) provides, in pertinent part, that no application for a license shall be denied by reason of the applicant's previous conviction of one or more criminal offenses unless "there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought". Article 23-A was enacted to prevent unfair discrimination against applicants with past convictions. When a certificate of good conduct is issued, it carries a "presumption of rehabilitation as to specified offenses. Exceptions to

this rule exist, however, where there is a direct relationship between the conviction and the specific license or employment sought or where there is an unreasonable risk to the safety or welfare of the public." (1976 NY Legis Ann, at 49.)

Administrative agencies may rely upon past convictions which are directly related to the license sought as a basis for refusing to renew or grant such licenses *(Glucksman v Cuomo,* 62 AD2d 978; *Schultz v Waterfront Commn.,* 35 AD2d 373; *People v Honeckman,* 87 Misc 2d 117). *Matter of Marra v City of White Plains* (96 AD2d 17), invoked by the petitioner, is not to the contrary. There, the Commissioner of Buildings denied an application to operate a rooming house because of previous convictions of the applicant, including one for burglary. Although the *Marra* court annulled this determination and remanded for a hearing, it specifically held that "a finding of a direct relationship between one or more of the previous criminal offenses and the specific license sought is not supported by this record" *(Matter of Marra v City of White Plains, supra,* at 25). In the case before this court, however, there is clearly a direct relationship between the convictions of petitioner and the specific license sought. In addition, unlike the Commissioner of Buildings in *Marra,* the respondent Board has a legitimate interest and a legislative mandate to protect the integrity of the racing industry and the wagering public *(see, Barry v Barchi, supra).* Concur—Carro, Asch and Rosenberger, JJ.

Sandler, J. P., concurs in a memorandum as follows: I agree with the result reached in the court's memorandum opinion, and write separately only because of a concern, perhaps unjustified, that the court's opinion is susceptible of a construction that would deny to a certificate of relief from disabilities or a certificate of good conduct the consequences clearly intended in Correction Law § 753 (2).

Correction Law § 752 unambiguously sets forth the general principle that no application for any license or employment "shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses".

Two exceptions to this general rule are set forth. The first exception applies when "there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought" (§ 752 [1]). The second exception applies where it is found that "the issuance * * * or the

granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public" (§ 752 [2]).

Section 753 is captioned "Factors to be considered concerning a previous criminal conviction; presumption". Correction Law § 753 (1) opens with the following sentence: "In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors". There follow eight factors which are required to be considered. It seems indisputable that the determination to be made upon consideration of the listed factors is whether or not the particular conviction falls within either of the exceptions to the general rule.

Correction Law § 753 (2), opening with the same language found at the beginning of subdivision (1), provides: "In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein."

It seems to me indisputably clear that subdivision (2) of section 753 also contemplates that the effect of one of the certificates specified in it is to be considered in determining whether or not the prior conviction falls within one of the exceptions to the general rule set forth in section 752. My concern with the court's memorandum opinion is that it seems to me to obscure this clear meaning of subdivision (2).

I agree that the factors set forth in subdivision (2) arising from the issuance of one of the certificates described would appear to be relevant primarily to the second exception set forth in section 752, the exception that arises upon a finding that the issuance of the license or the granting of employment would involve an unreasonable risk to property or to the safety or welfare of individuals or the public. It is not easy to see how a presumption of rehabilitation on the part of an applicant is relevant to whether or not there is a direct relationship between the applicant's prior conviction and the specific license or employment sought, although in *Matter of Marra v City of White Plains* (96 AD2d 17), the court appeared to give weight to the issuance of such a certificate in its determination that there was not a direct relationship between that applicant's prior conviction and the license he sought.

On the facts of this case, it seems to me clear that when all the factors set forth in Correction Law § 753 (1) are considered, together with the presumption of rehabilitation set forth in subdivision (2), there is a compelling basis for the conclusion that there was here a direct relationship between the petitioner's conviction and the specific license that he sought and that was denied. Among the factors listed in subdivision (1) that strongly support such a conclusion are:

"(b) The specific duties and responsibilities necessarily related to the license or employment sought.

"(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities * * *

"(e) The age of the person at the time of occurrence of the criminal offense or offenses.

"(f) The seriousness of the offense or offenses."

Once it is concluded that respondent had an adequate, indeed strong basis for the determination that there was a direct relationship between petitioner's previous criminal offense and the license he sought, it becomes clear that respondent was entitled to consider the petitioner's prior conviction in considering his application, and that the result reached was not arbitrary or capricious. *[See, 132 Misc 2d 581.]*