■ In the Matter of ROBERT WARNER, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, DIVISION OF HARNESS RACING, Respondent.—Determination unanimously annulled on the law and petition granted. Memorandum: This is an original CPLR article 78 proceeding commenced by petitioner, a Canadian citizen, to challenge respondent's denial of his application for a license as an owner, trainer and driver of harness race horses.

In 1982, respondent New York State Racing and Wagering Board (Board) revoked petitioner's license as a harness racing driver and that revocation was upheld by this court *(Matter of Warner v New York State Racing & Wagering Bd.,* 99 AD2d 680). In 1984, 1985 and again in 1987 petitioner sought relicensing by the Board, which applications were summarily denied. After the second denial, petitioner challenged the Board's determination in an article 78 proceeding. Once again we confirmed the determination of the Board, but without prejudice to any future applications by petitioner for relicens-

ing (Matter of Warner v New York State Racing & Wagering Bd., 126 AD2d 956).

In his latest application for relicensing, petitioner demonstrated that his license to race and train horses in Canada had been restored by the Ontario Racing Commission, which had revoked petitioner's license after the determination of the Board in New York in 1982. Petitioner further offered proof of his involvement in community affairs in his home area in Canada, along with significant letters attesting to his character.

At the hearing on petitioner's latest application, the only witness for the Board testified that he recommended denial of petitioner's license application "essentially for the same reasons as in 1985; his involvement in the race-fixing conspiracy." The witness testified that while he found petitioner's general character to be "exemplary", he felt that petitioner's 1982 misconduct was sufficiently serious to justify the denial of petitioner's 1987 application. The Hearing Officer concluded that the lapse of time and other evidence of petitioner's rehabilitation did not justify the granting of petitioner's application. The Board adopted the Hearing Officer's report. We disagree.

There is nothing in this record to indicate that petitioner is unfit; in fact, the Board's only witness admitted that petitioner's character is exemplary. While we recognize that the court should not substitute its judgment for that of the Board when the Board's determination is supported by substantial evidence (see, Matter of Collins v Codd, 38 NY2d 269, 270), in our view, substantial evidence is lacking to support the Board's conclusion that petitioner's character and fitness is such that his participation in racing would not be in the public's best interests. Indeed, there is no evidence of petitioner's unfitness except the 1982 violation, for which he has been punished. "[P]ublic policy suggests that the discretion vested in an administrative agency to grant a license be consonant with the policy of the State to assist in rehabilitation, and to avoid discrimination in employment against rehabilitated persons. (Cf. Matter of Basselini v Waterfront Comm. of N.Y. Harbor, 71 AD2d 596; Matter of Maloney v Waterfront Comm. of N.Y. Harbor, 96 Misc 2d 688; Correction Law, art 23-A)" (Matter of Cantor v New York State Racing & Wagering Bd., 73 AD2d 544, 545; see also, Matter of Warner v New York State Racing & Wagering Bd., 126 AD2d 956, supra). The policy of rehabilitation becomes meaningless if the only factor the Board considers on an application for relicensing is the original

charge of misconduct. In this case, petitioner has provided substantial evidence of rehabilitation and his conduct since that event should have been given great consideration, notwithstanding the original charges. (Article 78 proceeding transferred by order of Supreme Court, McGowan, J.) Present —Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.