■ DANIEL KRAMER, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Racing and Wagering Board, dated January 4, 1988, which, after a hearing, confirmed a determination denying the petitioner's 1987 application for a harness racing owner's license.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner's harness racing owner's license was suspended following his indictment in 1985 in New Jersey and New York on gambling-related charges. In a proceeding pursuant to CPLR article 78 challenging that suspension, this court confirmed the determination that the petitioner's character and fitness were such that his continued participation in harness racing would be inconsistent with the best interest of racing *(see, Kramer v New York State Racing & Wagering Bd., 119 AD2d 552)*. After disposition of the indictments in a manner that did not result in any criminal convictions, the petitioner sought renewal of his license. That application was denied on character and fitness grounds in May 1987.

The petitioner demanded a hearing. At that hearing, a representative of the New York State Racing and Wagering Board (hereinafter the Board) presented evidence of the activities underlying the New York indictment, including tape-recorded conversations obtained pursuant to a law enforcement wiretap. Based in part on this evidence, and the petitioner's testimony, the Board found that the petitioner had engaged in conversations related to betting on sports and horseracing events with individuals previously arrested for bookmaking activities, and confirmed the denial of his application for a license on character and fitness grounds (Racing, Pari-Mutuel Wagering and Breeding Law § 309 [2]).

The Board did not err in considering evidence of the activities underlying the indictments in order to assess the petitioner's character and fitness, even though the petitioner was not convicted of any crime *(see, Matter of Webster v Van Lindt, 117 AD2d 555)*. We find that the Board's determination was supported by substantial evidence in the record *(see, Matter of Webster v Van Lindt, supra; Matter of Belanger v New York State Racing & Wagering Bd., 99 AD2d 579)*. The Board's regulations prohibit association by licensees with bookmakers and those engaged in similar pursuits (9 NYCRR 4119.7). Furthermore, the penalty imposed was not disproportionate to

the offense *(see Matter of Pell v Board of Educ.,* 34 NY2d 222) in view of the Board's obligation to assure the integrity of harness racing *(see, Bonacorsa v Van Lindt,* 129 AD2d 518).

We find the petitioner's remaining contentions to be without merit. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.