In the Matter of DANIEL KRAMER, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Racing and Wagering Board, dated July 5, 1989, which, after a hearing, confirmed a determination denying the petitioner's 1989 application for a harness racing owner's license.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner's 1989 application for a harness racing owner's license was denied by the respondent New York State Racing and Wagering Board (hereinafter the Board) on the ground that his character and general fitness were such that his participation in racing would be inconsistent with the public interest and the best interest of racing generally (see, Racing, Pari-Mutuel Wagering and Breeding Law § 309 [2]). His previous applications in 1987 and 1988 were denied on the same ground based on evidence presented at the respective hearings of his involvement in a sports betting scheme in 1985

*(see, Kramer v New York State Racing & Wagering Bd.,* 153 AD2d 606; *Matter of Kramer v New York State Racing & Wagering Bd.,* 153 AD2d 628).

We find that substantial evidence exists in the record to support the Board's determination with respect to the petitioner's 1989 application. The petitioner offered testimony with respect to his activities since 1985 in order to establish his rehabilitation. The Board was required to consider such testimony, as the State's policy to assist in rehabilitation "becomes meaningless if the only factor the Board considers on an application for relicensing is the original charge of misconduct" *(Matter of Warner v New York State Racing & Wagering Bd.,* 143 AD2d 500, 501-502). The Board found the petitioner's evidence unpersuasive in that he failed to acknowledge any deficiency in his conduct in 1985. The weight to be given evidence of rehabilitation is the responsibility of the Board *(see, Matter of Kramer v New York State Racing & Wagering Bd., supra; Matter of Cantor v New York State Racing & Wagering Bd.,* 73 AD2d 544). The Board's determination must be upheld if it is based on substantial evidence, even though there exists other evidence which would have permitted the Board to reach a different conclusion *(see, Matter of Collins v Codd,* 38 NY2d 269; *Matter of LaChance v Corbisiero,* 147 AD2d 80; *Matter of Webster v Van Lindt,* 117 AD2d 555). The petitioner's remaining contentions are without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.