In the Matter of JOSEPH RICCO, JR., Petitioner, v RICHARD CORBISIERO, JR., as Chairman of the New York State Racing and Wagering Board, Division of Harness Racing, et al., Respondents.

First Department, February 5, 1991

APPEARANCES OF COUNSEL

*Joseph A. Faraldo* for petitioner.

*Lisa B. Raphael* of counsel *(Robert Abrams, Attorney-General,* attorney), for respondents.

**OPINION OF THE COURT**

KUPFERMAN, J.

The petitioner is a veteran harness "catch driver" with nearly 1,000 racing winners to his credit. As a "catch driver", he makes his living primarily driving horses owned and trained by other people. He was suspended for 15 days for failing to drive his horse to the finish in the fourth race at Yonkers Raceway on February 9, 1989. The horse, a trotter known as "Major Wager", finished third, in close contention for the lead in a three-way photo finish. The track judges thought that the petitioner was not driving to the best of his ability. The horse in question had never won a race and only once before had he come in second. The track steward testified that the petitioner did not whip or urge the horse on for the last sixteenth of a mile.

It is clear that the petitioner whipped the horse 25 times during the race, and the only problem raised by the officials was that he used the whip in a half-hearted fashion only three times in the final half furlong, and should have whipped more.

The horse's trainer testified that the horse was "lazy" and that the petitioner was instructed to use the whip early in the race to keep him "awake" and cause him to accelerate. The trainer also testified that a single-hitch sulky, which was being used for the first time with Major Wager, is designed to rock back and forth so as to get weight off the front legs of the horse and, thus, urge him forward.

Among other things, it was the petitioner's contention that whipping the horse during the third quarter of the race did not improve his sixth place position and so he employed the rocking technique in the homestretch. Moreover, he was practically exhausted from the earlier whipping of the horse.

While not exactly the sport of kings, in harness racing we have a spectators sport and the viewing public may not necessarily appreciate the reasoning behind a driver's tactical

decisions. *(See, Matter of Belanger v New York State Racing & Wagering Bd.,* 99 AD2d 579, 580.)

Section 4117.1 of the rules of the State Racing and Wagering Board (9 NYCRR 4117.1), which is alleged to have been violated by the petitioner, requires that: "Every race must be contested by every horse in the race and every horse must be driven to the finish."

Of course, the Board is charged with maintaining proper control over harness races and enforcing its rules pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 309. Moreover, we recognize that there is a presumption that the analysis by the Board must be overcome. *(Matter of Mosher v New York State Racing & Wagering Bd.,* 74 NY2d 688.)

Nonetheless, it must be acknowledged that the horse had equalled his best time and lost by only two feet in a photo finish; that he had been whipped a great deal without achieving a front-running position; and, that the strategy employed by the petitioner in the stretch run made good sense. When we add to this the fact that there is a provision in Agriculture and Markets Law § 353 which makes it a misdemeanor to overdrive or beat cruelly any animal, the determination of the Racing and Wagering Board cannot be sustained. To do so might make the cliché "to beat a dead horse" too realistic.

Accordingly, in this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g) by order of the Supreme Court, New York County (Jawn A. Sandifer, J.), entered on or about January 4, 1990, the petition should be granted and respondents' determination, dated February 22, 1989, should be annulled, without costs.

MURPHY, P. J., SULLIVAN, WALLACH and RUBIN, JJ., concur.

Petition granted, and the determination of respondents, dated February 22, 1989, annulled, without costs and without disbursements.