■ In the Matter of CARMINE T. AGNELLO, Petitioner, v RICHARD CORBISIERO, JR., as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Determination of the respondent New York State Racing and Wagering Board, dated October 1, 1990, which denied petitioner's application for renewal of his harness racing owner's license, is unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Karla Moskowitz, J., entered February 26, 1991), is dismissed, without costs.

Petitioner was denied a harness owner's license for false statements on his 1989 and 1990 license applications, and for lack of the requisite character and general fitness, in that he failed to disclose, or only partially disclosed, his record of arrests and ejections from various race tracks.

Petitioner contends that he was penalized for having exercised his Fifth Amendment privilege against self-incrimination by not being allowed to testify on his own behalf, and thereby denied due process. While it is undeniably true that the privilege applies in both civil and criminal proceedings *(Matter of DeBonis v Corbisiero,* 155 AD2d 299, 300), petitioner here did not properly invoke the privilege. When he was called as a witness on respondent's case, he refused to answer any and all questions put to him, and not just questions the answers to which he reasonably believed could incriminate him. *(See, Matter of LaChance v New York State Racing & Wagering Bd.,* 118 AD2d 262, 267). Having unjustifiably refused to testify, petitioner could be precluded from doing so later *(see, Securities & Exch. Commn. v Cymaticolor Corp.,* 106 FRD 545).

Petitioner further contends that he was subject to selective prosecution due to his relationship to his father-in-law, a convicted felon. In order to be entitled to an evidentiary hearing on this claim, the burden is on petitioner to demonstrate a reasonable probability of success in proving "not only * * * that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification". *(Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693.) Petitioner has not met his burden of demonstrating "a grossly disproportionate incidence of nonenforcement against others similarly situated in all relevant respects" *(supra,* at 695). While he has shown that other persons with criminal records have been granted licenses, he has not shown that their particular situations were similar to his, or that they failed, as he did, to divulge their criminal records.

We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.