■ In the Matter of CARLO VACCAREZZA, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [596 NYS2d 31] —Determination of respondent dated June 24, 1992, which denied petitioner's application for a harness racing owner's license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol H. Arber, J.], entered August 7, 1992), is dismissed, without costs.

Petitioner's claim that respondent's regulation, 9 NYCRR 4119.7 (a) (2), is unconstitutionally vague is without merit inasmuch as the term "associating * * * with persons who have been convicted of a crime" is not so vague that persons of common intelligence must necessarily guess at its meaning *(see, Foss v City of Rochester,* 65 NY2d 247, 253; *City of New York v Castro,* 160 AD2d 651, 652).

With regard to petitioner's argument concerning whether Racing, Pari-Mutuel Wagering and Breeding Law § 309 (2) and 9 NYCRR 4119.7 should have been applied at all in evaluating his initial license application, paragraph (e) of the former has been deemed to apply to the denial of applications as well as to revocations and suspensions *(see, Bonacorsa v Van Lindt,* 129 AD2d 518, 520, *affd* 71 NY2d 605), and respondent's use of the criteria listed under 9 NYCRR 4119.7 in evaluating an applicant's "experience, character and general fitness" under section 309 (2) has been upheld *(see, e.g., Kramer v New York State Racing & Wagering Bd.,* 153 AD2d 606; *see also, Matter of Webster v Van Lindt,* 117 AD2d 555, 558 [use of 9 NYCRR 4117.4 in evaluating application for harness owner license]).

Also without merit is petitioner's claim that the regulation was selectively applied to him, there being no showing either that " 'the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification' ", or that there was " 'a grossly disproportionate incidence of nonenforcement against others similarly situated in all relevant respects' " *(Matter of Agnello v Corbisiero,* 177 AD2d 445, 446 [quoting

*Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693, 695], *lv denied* 79 NY2d 758).

We find the record contains substantial evidence to support the determination. Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.