(April 13, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. WALTON, SR., Appellant. [625 NYS2d 313] —Peters, J. Appeals (1) from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered February 26, 1991, upon a verdict convicting defendant of the crime of burglary in the third degree, and (2) from an order of said court, entered March 2, 1992, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant was arrested when he was found on the premises of a store owned by Strong Stone in the early morning hours of May 4, 1989. Police Officers Jeffrey Jackson and Willard Stearns, responding to a tenant's complaint of noise in the store, noticed no lights on in the store when they arrived. In approaching the front door, the officers noticed that the door was open approximately two inches and was propped open by a doormat. Defendant was found silently standing inside about six feet from where Jackson was standing, holding a flashlight in one hand. Stearns conducted a pat-down search of defendant and discovered a key to the store in defendant's pocket. Through investigation it was determined that Marilyn Petersen had been given a key to Stone's store to watch it when he was away. This key was later determined to be the key found in defendant's pocket. It was further determined that Petersen, defendant and another individual had been out drinking together the night before and that Petersen became highly intoxicated. Testimony revealed that Petersen had earlier told defendant about her arrangement with Stone and had showed him the key to the store. Defendant was brought to the police

station and charged with burglary in the third degree. Following a jury trial, defendant was found guilty of the charge and was sentenced as a persistent felony offender. Defendant appeals.

Defendant first contends that County Court incorrectly determined that the People were ready for trial within six months of the commencement of the action as required by CPL 30.30 (1) (a). We disagree. It is clear that the People must declare their readiness for trial within six months of the commencement of a criminal action where, as here, defendant is accused of a felony (see, CPL 30.30 [1] [a]). In computing the time of readiness, certain time periods are permissibly excluded (see, CPL 30.30 [4]). In the instant case, it is uncontested that a plea offer was proffered to defendant on October 30, 1989 and that defense counsel agreed, for purposes of CPL 30.30, that a one-week extension would be granted for defendant to consider the plea. We find that the People have affirmatively established that defense counsel waived the running of CPL 30.30 for one week and that, in accordance with such agreement, the indictment was not filed until November 6, 1989. Hence, such time was not properly chargeable to the People (see, People v Merrick, 188 AD2d 764, lv denied 81 NY2d 889). Pursuant to CPL 30.30, the People now had until November 11, 1989 to announce their readiness for trial. On November 8, 1989, the People stated on the record that they were ready for trial and arraignment when, at such time, defense counsel again requested an adjournment until November 13, 1989 in order to contact defendant. On November 13, 1989, defendant failed to appear and a bench warrant was issued. At such time, the People again announced their readiness for trial. County Court granted defense counsel a two-day adjournment to produce defendant for arraignment. On November 15, 1989, defendant was arraigned.

We find that the delay of four days from November 11 to November 15, 1989 was occasioned by defense counsel's request for an adjournment and defendant's failure to appear. Therefore, we find such time to be properly excludible from speedy trial calculations (see, People v Hughes, 136 AD2d 916). The People's statement of readiness for trial at defendant's arraignment on November 15, 1989, with defendant present, was within the six-month limit. We accordingly dismiss defendant's contentions alleging a denial of his right to a speedy trial.

We find no merit to defendant's contention that the evidence adduced at trial was legally insufficient to establish that

he entered the premises with knowledge that he had no license to do so or that he intended to commit a crime therein. In determining whether the People have met their burden on the issue of intent, the Court of Appeals has held that the court must determine whether, " 'considering the facts proved and the inferences that could reasonably be drawn therefrom, [the fact finder] could conclude that there was no reasonable doubt that the defendant' intended to commit the crimes charged" *(People v Barnes,* 50 NY2d 375, 381, quoting *People v Castillo,* 47 NY2d 270, 277). Here, the trial testimony supports the inference that defendant entered the store with the knowledge that he had no license to do so. Strong testified that he did not know defendant and that he had never given him permission to be in the store after hours. Petersen also testified that she had not been given permission to enter the store after hours and that she neither gave the key to defendant nor asked him to retrieve anything on her behalf. Through this testimony, we find that the jury could have reasonably concluded that defendant entered the premises with knowledge that he had no license or privilege to do so.

We further find the evidence sufficient to support the conclusion that defendant intended to commit a crime once inside the store. Defendant was found in the store while the store was closed. When he entered, he did not turn on the lights and instead propped open the door and used a flashlight to see inside. Moreover, while defendant testified that he was inside the store to pick up shoes made for an individual named "Indian John", Stone testified that he never made any shoes for such person. Moreover, contrary to defendant's contention, Petersen testified that she never gave the key to defendant. Hence, the jury, considering the facts proved and the inferences that could be reasonably drawn therefrom, made credibility determinations with respect to conflicting testimony which we find to be reasonable. It further appropriately inferred, based upon the proof before it, that defendant entered the store with knowledge that he had no license to do so and that he intended to commit a crime therein.

As to defendant's claims of ineffective assistance of counsel, we find no merit. In reviewing claims of ineffective assistance, "[o]ur most critical concern * * * is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146; *see also, People v Strempack,* 134 AD2d 799, 800, *affd* 71 NY2d 1015). Unlike *People v O'Connell* (133 AD2d 970), defense counsel herein moved to dismiss the indictment

on speedy trial grounds with an argument similar to that proffered on appeal. Thus, defendant's claim that counsel failed to effectively argue the motion is baseless. We further find that counsel's decision to request a one-week adjournment in order to discuss the plea offer is a common practice *(see, People v Merrick,* 188 AD2d 764, *supra; People v Friscia,* 70 AD2d 709, *affd* 51 NY2d 845). Hence, when "viewed in totality and as of the time of the representation [we find] that the attorney provided meaningful representation [and that] the constitutional requirement [has] been met" *(People v Baldi, supra,* at 147).

We further find defendant's contention that his counsel's failure to object to the admission of testimony proffered on redirect examination of the arresting officer, when such statement had not been the subject of a CPL 710.30 notice, is unavailing. We find that such statement was used solely for rebuttal purposes and that the admission thereof was not error *(see, People v Robinson,* 205 AD2d 836, *lv denied* 84 NY2d 831).

Additionally, we reject defendant's contention that County Court erred when it denied his motion made pursuant to CPL article 440 to vacate the judgment of conviction without a hearing. Pursuant to CPL 440.30 (4) (d), a court may deny the motion without a hearing if "[a]n allegation of fact essential to support the motion (i) * * * is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these * * * circumstances * * * there is no reasonable possibility that [the] allegation is true". Alleging that statements made by the prosecutor to the press constituted prosecutorial misconduct and that he was the victim of selective prosecution, we note that on a claim of prosecutorial misconduct defendant must show that he used due diligence in adducing facts evidencing prosecutorial misconduct prior to sentencing and that he has alleged sufficient facts to show that he was prejudiced *(see, People v Friedgood,* 58 NY2d 467, 469-470). With respect to his claim of selective prosecution, "the burden is on * * * [defendant] to demonstrate a reasonable probability of success in proving 'not only * * * that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification' " *(Matter of Agnello v Corbisiero,* 177 AD2d 445, 446, *lv denied* 79 NY2d 758, quoting *Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693).

Our review of the record reveals that defendant failed to

sustain his burden to show the requisite facts necessary to require a hearing on either issue since defendant had an opportunity to voir dire the jury as to the press coverage, failed to request a change of venue and failed to proffer a motion alleging prosecutorial misconduct. Here, defendant submitted only his own affidavit in support of such motion and, upon our review, we find that there does not appear to be any "reasonable possibility that [the] allegation[s] [made by defendant are] true" (CPL 440.30 [4] [d] [ii]). Accordingly, we find that the motion was properly denied without a hearing.

As to all further contentions raised, we find them to be without merit.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment and order are affirmed.