■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD T. ESPOSITO, Appellant. [640 NYS2d 274] —Cardona, P. J.

Following a jury trial in October 1991, defendant was convicted of the crime of manslaughter in the second degree arising from the February 1, 1990 death of 13-month-old Nicholas Bodah (hereinafter Nicky) while in defendant's care. Prior to trial, defendant had maintained that Nicky sustained his injuries in a fall from the living room couch after being placed there by defendant. At trial, defendant retracted that state-

---

ment and claimed that as he was removing Nicky from the bathtub he accidentally dropped him, causing the child to strike his head on the edge of the tub.*

Subsequently, in October 1993, defendant was indicted for four counts of perjury in the first degree. Following denial of motions, *inter alia*, to dismiss the indictment and for appointment of a special prosecutor, defendant was tried before a jury and convicted of the first count of perjury in the first degree which charged defendant with giving false testimony at the previous trial regarding the cause of Nicky's injuries. Thereafter, County Court denied defendant's motion to set aside the verdict pursuant to CPL 330.30 and sentenced defendant to an indeterminate prison sentence of $2^1/_3$ to 7 years. Defendant appeals.

Initially, defendant has not sustained his burden of proving selective prosecution or that a special prosecutor should have been appointed. First, defendant does not allege, much less prove, that others similarly situated have not been prosecuted for perjury and that the application of the law to him was " 'deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification' " (*Matter of Agnello v Corbisiero*, 177 AD2d 445, 446 [quoting *Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693], *lv denied* 79 NY2d 758; *see, People v Walton*, 214 AD2d 805, *lv denied* 86 NY2d 785). Second, defendant has failed to demonstrate the existence of a conflict of interest or a substantial risk of an abuse of confidence, alternative requisites for the removal of a public prosecutor (*see, People v Keeton*, 74 NY2d 903, 904; *Matter of Schumer v Holtzman*, 60 NY2d 46, 55).

Next, we find no merit to defendant's claims that his prosecution for perjury was barred by principles of double jeopardy or collateral estoppel. Defendant argues that it was the prosecution's intention to retry him on the second degree murder charge, of which he was acquitted, under the guise of a perjury prosecution, and that the People were collaterally estopped from relitigating the issue of his truthfulness which had been fully litigated in the previous trial.

Constitutional double jeopardy protections are violated only if separate prosecutions arise out of the same offense (*see*, US Const 5th, 14th Amends; NY Const, art I, § 6; *Blockburger v United States*, 284 US 299). With certain exceptions (*see*, CPL 40.20 [2] [a]-[h]), the State statutory protection against succes-

---

* This Court affirmed that judgment of conviction (*People v Esposito*, 191 AD2d 746, *lv denied* 81 NY2d 885).

sive prosecutions prohibits separate prosecutions for the same act or criminal transaction (*see*, CPL 40.20 [2] [a], [b]). Here, defendant was prosecuted for different offenses, homicide and perjury, each with entirely different elements (*compare*, Penal Law § 125.15 [1] [manslaughter in the second degree]; §§ 125.20 [manslaughter in the first degree], 125.25 [2] [murder in the second degree], *with* Penal Law § 210.15 [perjury in the first degree]). It also cannot be said that they were part of the same act or transaction; thus, the prosecutions before us do not violate either the constitutional or statutory protections against double jeopardy.

Nor does the doctrine of collateral estoppel bar this criminal prosecution. Collateral estoppel, or issue preclusion, operates "to bar relitigation of issues necessarily resolved in defendant's favor at an earlier trial" (*People v Acevedo*, 69 NY2d 478, 484-485). Based upon our reading of the record, we do not find that defendant met his heavy burden (*see, supra*, at 487) of demonstrating that the earlier verdict acquitting him of murder *necessarily* resolved the issue of the truthfulness of his account of how Nicky sustained his injuries. By finding defendant guilty of manslaughter in the second degree, the jury might rationally have believed the People's expert witnesses that Nicky's injuries resulted from multiple impacts to the head and not a fall in the bathtub, but that the People failed to prove that defendant acted with the requisite culpable mental states to support convictions for murder in the second degree or manslaughter in the first degree.

Furthermore, we find no merit to defendant's claim that the opinion evidence or testimony offered by the People's forensic pathologists required corroboration pursuant to Penal Law § 210.50 in order to convict him of perjury. The common-law so-called "two-witness" corroboration requirement codified in Penal Law § 210.50 only applies when the People "choose to rely on the suspect testimony of an accomplice or a single witness offering evidence, even direct evidence, of the defendant's perjury" (*People v Rosner*, 67 NY2d 290, 296). It does not apply where, as here, the People rely entirely on circumstantial evidence to prove perjury (*see, supra*, at 295-296; *People v Doody*, 172 NY 165, 172). In addition, we know of no legal impediment to the People's use of expert opinion testimony to aid the jury in understanding the nature and extent of Nicky's injuries, to raise the inference that defendant lied when he testified under oath during the previous trial that Nicky was injured by a fall in the bathtub.

There is no merit to defendant's claims that County Court

deprived him of his constitutional right to confrontation by curtailing cross-examination of the prosecution's two forensic pathologists regarding alleged errors committed by them in unrelated criminal prosecutions and an investigation by the Attorney-General of the Albany County Coroner's office. Defense counsel's offer of proof shows that his proposed line of questioning in these areas was designed to attack the witnesses' general credibility. Because this line of questioning was collateral (*see, People v Hudy*, 73 NY2d 40, 57), it was subject to limitation by the trial court in the exercise of its discretion (*see, People v Ramistella*, 306 NY 379; *Langley v Wadsworth*, 99 NY 61). We perceive no abuse of that discretion by County Court.

We reach a similar conclusion with respect to County Court's limitation of cross-examination of these expert witnesses as to whether they had received immunity in exchange for their testimony in the instant case. To support this line of questioning defense counsel made the following offer of proof: "I would further indicate that both of these doctors * * * have in criminal prosecutions in this County in testifying on behalf of the prosecution which appears in this courtroom today, requesting and requiring immunity from criminal prosecution as a result of their conduct and activities in conducting autopsies, which the prosecution's office has afforded Dr. [ ] and the proposed witness, Dr. [ ], immunity from prosecution for their assistance and help and testimony pertaining to these autopsies and forever render them immune from prosecution for their activities in such autopsies."

Although "extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground" (*People v Hudy, supra*, at 56; *see, People v Ashner*, 190 AD2d 238, 248), such proof may be excluded where it is speculative (*see, People v George*, 197 AD2d 588, *lv denied* 82 NY2d 925; *People v Rodriguez*, 191 AD2d 723, *lv denied* 81 NY2d 1079; *People v Stewart [Vance]*, 188 AD2d 626, *lv denied* 81 NY2d 977). "Moreover, cross-examination aimed at establishing a possible reason to fabricate must proceed upon some good-faith basis" (*People v Stewart [Vance], supra*, at 627). Without factual support, defendant's offer of proof was purely speculative and lacked a good-faith basis. Under such circumstances, County Court did not improvidently exercise its discretion by excluding this line of questioning.

Defendant also contends that his conviction should be reversed because certain prosecutorial summation comments deprived him of his right to a fair trial. Our review of the rec-

ord shows that defendant either failed to object to the allegedly improper comments, failed to request curative instructions or failed to move for a mistrial, with the consequence that the arguments he now advances have not been preserved for appellate review (*see, People v Gillis*, 220 AD2d 802, 804; *see also, People v Medina*, 53 NY2d 951).

Contrary to defendant's claim that County Court erred in marshaling the evidence during the charge, we find that the court's reference to defendant's contentions was nothing more than a restatement of arguments made by defense counsel for acquittal and, when read in the context of the entire charge, did not shift the burden of proof to defendant (*see, People v Saunders*, 64 NY2d 665, 667). Furthermore, we deem the court's misstatement of defendant's contention with respect to count one, that he "did not *drop* [the child] in the bathtub" (emphasis supplied), when juxtaposed with defense counsel's thorough presentation of defendant's version of the facts during summation (*see, People v Tomczak*, 189 AD2d 926, 928, *lv denied* 81 NY2d 977), to be an "isolated and minor mischaracterization" (*People v Beaudoin*, 198 AD2d 610, 611, *lv denied* 82 NY2d 922). Neither of these deficiencies created an "imbalance [resulting] in prejudice to defendant" (*People v Owens*, 69 NY2d 585, 591) so as to deprive him of a fair trial (*see, People v Culhane*, 45 NY2d 757, 758, *cert denied* 439 US 1047).

We have considered defendant's remaining contentions and find them lacking in merit.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.