■ In the Matter of MICHAEL S. FERRARO, Petitioner, v STATE OF NEW YORK RACING AND WAGERING BOARD, DIVISION OF THOROUGHBRED, et al., Respondents. [726 NYS2d 191] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner, a licensed trainer of thoroughbred horses, contends that the determination suspending his thoroughbred training license for 15 days and imposing a $1,000 fine "was affected by an error of law, was arbitrary and capricious and an abuse of discretion" and was "not supported by substantial evidence." We disagree. The determination that petitioner violated 9 NYCRR 4042.1 (f) is supported by substantial evidence that petitioner provided "incorrect information to the official clocker * * * regarding the identity of a horse" (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). Contrary to petitioner's contention, there is no requirement that the incorrect information be provided intentionally or that petitioner have a motive for providing incorrect information. Further, the determination that petitioner interfered with a clocker's duties is supported by substantial evidence that petitioner asked the official clocker to tell investigators that petitioner was at the clocker's stand when he was not. The fact that at the hearing the official clocker could not recall all of the details of the conversation is of no moment; she had given investigators a sworn statement outlining the conversation on the day the conversation took place. The contention of petitioner that he had no duty to report the name of the horse working out on the track is wholly without merit. Petitioner was required to provide workout slips for horses working out more than two furlongs, and the only reason the horse did not work out for

more than two furlongs is that it collided with a loose horse and died.

Further, we reject the contention of petitioner that he is the subject of selective enforcement of the regulations. Petitioner presented no evidence that the regulations were not applied to others similarly situated or that he was the subject of intentional discrimination (*see, Matter of Di Maggio v Brown*, 19 NY2d 283, 290-291; *Matter of Vaccarezza v New York State Racing & Wagering Bd.*, 192 AD2d 358, 358-359).

The further contentions of petitioner in his brief that he was denied due process and that the Hearing Officer was biased were not raised in the petition and thus are not properly before us (*see, Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705, *lv denied* 95 NY2d 756; *Matter of Kemp v Erie County Dept. of Social Servs.*, 266 AD2d 905, 906). In any event, those contentions are without merit. Petitioner was not deprived of due process. He "was apprised of the claims against him in a manner that afforded him a full and fair opportunity to prepare and present a defense" (*Matter of Rivera v New York State Racing & Wagering Bd.*, 201 AD2d 922) and a hearing was held "[p]rior to * * * suspension of [his] license" (Racing, Pari-Mutuel Wagering and Breeding Law § 213 [3]; *see,* 9 NYCRR 4022.23). Petitioner failed to establish any actual bias on the part of the Hearing Officer or that the outcome of the proceeding flowed from any alleged bias (*see, Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Ontario County, Harvey, J.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.